UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KENNEDY FORSTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:08 CV 15 |
| | ) |
| **MICHAEL HOOVER, TADD** | ) |
| **HOOVER, HARVEY HOOVER,** | ) |
| **DIXIE A. WHEATLEY, and 277** | ) |
| **SERIES EE $1000 UNITED STATES** | ) |
| **SAVINGS BONDS,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

*Pro se* plaintiff Kennedy Forster has brought suit against *pro se* defendants Dixie A. Wheatley, and Michael, Tad, and Harvey Hoover alleging they breached a contingency agreement regarding two hundred and seventy seven (277) $1000 United States savings bonds. (DE # 1.) Defendants have filed an answer and counterclaims, alleging that plaintiff has committed fraud, among other torts. (DE # 21 at 4.) Plaintiff has now moved to dismiss defendants' counterclaims. (DE # 27.) Defendants have failed to respond to the motion within the fifteen days allotted by LOCAL RULE 7.1(a).

Both parties have done a woeful job of presenting their sides, even for *pro se* litigants. Defendants say their counterclaims are fraud, contract fraud, "fraud on the court," "mail fraud," and "malicious use of the judicial process," but do not discuss these causes of action or cite any statutory basis for them. (DE # 21 at 3.) Defendants' answer flatly states that they "deny every allegation made against them," and the only

relevant facts they assert in favor of their counterclaims are that (1) there was no agreement or contract between them and plaintiff, and (2) plaintiff faked the affidavits he has presented in support of his claim. (*Id.* at 2.)

Plaintiff's motion to dismiss (DE # 27) is equally unhelpful. In it, plaintiff recites the well known standard for motions to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (DE # 27 at 2), but fails to discuss the elements of defendants' various claims or explain how their allegations fail to satisfy those elements. This leaves the court to do its own investigation and analysis on behalf of the parties.

As when dealing with any motion to dismiss, a court must accept "as true all well-pleaded factual allegations in the complaint and make all plausible inferences from those allegations in the plaintiffs' favor." *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007) (citing *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 817 (7th Cir. 2006)). Ambiguities in the complaint should be construed in the non-movant's favor, *Perry v. Sheahan*, 222 F.3d 309, 312 (7th Cir. 2000) (citing *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995)), though a court need not strain to find inferences favorable to the non-movant which are not apparent on the face of the complaint, *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977), nor "ignore any facts alleged in the complaint that undermine" the non-movant's claim. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007) (quoting *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993)). Furthermore, when reviewing *pro se* complaints, a

court must apply less stringent standards than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 521-22 (1972).

Since both sides have tacitly agreed that Indiana law governs this case, defendants' facts, as alleged, must satisfy Indiana's law governing the various counterclaims they have raised– namely, fraud, contract fraud, fraud on the court, mail fraud, and "malicious use of the judicial process." (DE # 21 at 3.) To begin, defendants' allegations do not satisfy Indiana's definition of fraud. To prove fraud, a party must make a false statement, knowing it was false, with the intent to defraud the other party, and the defrauded party must "justifiably rely and act" upon that false statement, and suffer injury. *Jim Barna Log Sys. Midwest, Inc. v. Gen. Cas. Ins. Co. of Wis.*, 791 N.E.2d 816, 830 (Ind. Ct. App. 2003) (citing *Baxter v. I.S.T.A. Ins. Trust*, 749 N.E.2d 47, 52 (Ind. Ct. App. 2001)). Here, according to defendants, the false statements at issue are the claims plaintiff has made in his complaint and his affidavit. But defendants do not allege that they relied and acted upon these false statements and suffered injury as a result. To the contrary, they have consistently claimed that these statements are false. Since they did not "rely and act" on plaintiff's false statements, defendants cannot bring a counterclaim for fraud under the facts they have alleged.

The same problem arises under defendants' counterclaim for "contract fraud." Again, they have not alleged that they relied and acted on plaintiff's false statements in his complaint and affidavits, nor have they alleged that they suffered any injury from the statements, beyond having to respond to them in this case. Furthermore, there is no

3

separate cause of action under Indiana law for "contract fraud," and defendants also deny that there was a contract at all. The court wonders how defendants can believe that they suffered from "contract fraud," that is, fraud in making a contract, if there was no contract. This counterclaim is dismissed.

Defendants next allege that plaintiff has committed "fraud on the court." Under Indiana law, such a claim is "narrowly applied and is limited to the most egregious circumstances involving the court." *Humber v. Smith*, 655 N.E. 2d 602, 607 (Ind. Ct. App. 1995) (citations omitted). Furthermore, Indiana case law indicates that such a claim can only be used to attack an existing judgment, *see Matter of Paternity of K.M.*, 651 N.E. 2d 271, 277 (Ind. Ct. App. 1995) (describing "fraud on the court" as a way to attack a judgment); *In re Paternity of Tompkins*, 518 N.E.2d 500, 507 (Ind. Ct. App. 1988) (fraud on the court is "an independent action to set aside a judgment"), not as a counterclaim in a case where there is, as of yet, no existing judgment. Thus, it appears that defendants could raise a "fraud on the court" claim to attack an unfavorable judgment in this case, should one occur. But they may not raise the claim now.

Defendants' following counterclaim– "mail fraud"– is not a cause of action under Indiana law. Mail fraud may serve as a basis for a federal civil action coming under the Racketeer Influenced and Corrupt Organizations Act (RICO), *see generally Elliott v. Chicago Motor Club Ins.*, 809 F.2d 347, 348 (7th Cir. 1986), but such a charge would require repeated instances of mail fraud, *see id.* at 349, which defendants do not allege,

4

and furthermore defendants do not raise a RICO violation as a counterclaim. Defendants' mail fraud counterclaim will be dismissed.

Finally, defendants allege that plaintiff has maliciously used the judicial process. Since defendants are *pro se* litigants, the court will construe this cause of action as two distinct claims– one for malicious prosecution and another for abuse of process. Unfortunately for defendants, like a "fraud on the court" claim, a party may only bring suit for malicious prosecution *after* an initial lawsuit. *See Kopka, Landau & Pinkus v. Hansen*, 874 N.E. 2d 1065, 1075 (Ind. Ct. App. 2007) (element of malicious prosecution is "the original action was terminated in the plaintiff's favor"). Specifically, after the original defendants have won their case, they may then bring an independent action for malicious prosecution against the original plaintiff. *See id.* That has not yet happened in this case, and thus such a counterclaim is inappropriate.

Then there is defendants' abuse of process claim. The elements of abuse of process are: "1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Lindsay v. Jenkins*, 574 N.E. 2d 324, 326 (Ind. Ct. App. 1991) (citation omitted). While defendants do not specifically claim that plaintiff has an "ulterior purpose" in filing this lawsuit, that is a direct implication of their counterclaim, which states that "plaintiff . . . has no legal basis to file lawsuit [sic]," that "there was never any verbal agreement with" plaintiff, and that his "[w]itness statements are fraudulent." (DE # 21 at 2.) But these assertions are the same as simply denying the allegations made by plaintiff in his complaint. Defendants merely contend

5

that plaintiff's factual assertions are untrue, and do not argue that his purpose in bringing this lawsuit is any different from the one he states openly in the complaint– to recover half of the savings bonds he allegedly helped recover on defendants' behalf. *See Lindsay*, 574 N.E. 2d at 326 (motive was ulterior when party sought not to recover damages but to "embarrass, annoy, and ridicule" opposing party). Furthermore, defendants do not identify how plaintiff used process in an improper manner. This claim also fails.

As a final note, the court reminds defendants that, though their counterclaims have been dismissed, none of the court's holdings here prevent them from seeking attorney's fees should they prevail in this case, or from seeking sanctions should the affidavits filed by plaintiff turn out to be fraudulent.[1]

Therefore, plaintiff's motion to dismiss (DE # 27) is **GRANTED**. The counterclaims listed in defendants' answer (DE # 21) are **DISMISSED**.

**SO ORDERED.**

**Date:** April 16, 2008

  s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

---

[1] The court also notes, again, that though the parties certainly have the right to represent themselves, they would both be very well served by retaining competent counsel.