UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNEDY FORSTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08 CV 15 |
| MICHAEL HOOVER, TADD HOOVER, HARVEY HOOVER, and 277 SERIES EE $1000 UNITED STATES SAVINGS BONDS, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

*Pro se* plaintiff Kennedy Forster has filed a motion for summary judgment. (DE # 51-2.) Before filing their response brief, defendants Michael, Tadd and Harvey Hoover filed a motion to "strike impertinent matter" from plaintiff's brief in support of his motion for summary judgment. (DE # 52.) Plaintiff has failed to respond to this motion in the fifteen days allotted by LOCAL RULE 7.1(a), and failed to move for an appropriate extension of time.[1] Thus, he has waived any opportunity to respond.

Relying on FEDERAL RULE OF CIVIL PROCEDURE 12(f), defendants request that the court strike statements appearing on pages twenty-two to twenty-five of plaintiff's summary judgment brief, which defendant believe accuse them of "lying, committing

---

[1] Plaintiff did file a motion for an extension of time to respond to several other motions to strike filed by defendants. (*See* DE # 64 at 2.) That extension motion plainly did not apply to this motion to strike however, as it only requested additional time to "prepare a response to the Defendants [sic] Motions to Strike the Plaintiff's five (5) Affidavits." (*Id.*) The instant motion to strike does not seek to strike any affidavits.

perjury, being of unsound mind, or being sociopathic." (DE # 52 at 1.) In their brief supporting this motion, defendants quote some of the offending portions of plaintiff's brief and argue that these statements are "at the very least, impertinent to the case at issue and at worst, defamatory." (DE # 58 at 1-2.)

RULE 12(f) states that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PRO. 12(f).[2] Motions to strike under Rule 12(f) are generally disfavored, *Rivertree Landing LLC v. Murphy*, 246 F.R.D. 667 (N.D. Ill. 2007), however, the Seventh Circuit has explained that rule is based on the delay caused by such motions. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F. 2d 1286, 1294 (7th Cir. 1989). When such motions remove "unnecessary clutter from the case, they serve to expedite, not delay." *Id.* The court believes that granting the motion to strike at issue here will expedite the case as it proceeds, both by streamlining plaintiff's voluminous summary judgment submissions, and by serving as a reminder to both parties to tone down the rhetoric and name-calling.

Plaintiff's allegations make it clear that he believes he formed an oral contract with the defendants that they later breached. Defendants have consistently disputed the existence of this contract, though they made varying legal claims in the *pro se* motions they filed before hiring counsel. Ranting statements by plaintiff— such as his claims

---

[2] The court also notes that defendants' motion to strike was timely under RULE 12(f), because it was filed "before responding to the [particular] pleading," FED. R. CIV. PRO. 12(f)(1), that is, before defendants filed their response to plaintiff's motion for summary judgment.

that defendants have "engaged in a tapestry of lies, contradictions, admissions against interest, and equitable estoppels," "have even worked frauds upon this court," have authored a "laundry list of denials, lies and deceit," have acted like "persons of unsound mind with stage four dementia," and have exhibited "sociopathic behavior in absolute denial of all things reasonable to a person of average intelligence" (DE # 51-2 at 22-25)— do not make his side of the case more believable. In the court's estimation, these statements are the exact type meant to be stricken under Rule 12(f), as they are "redundant, immaterial, impertinent, [and] scandalous." FED. R. CIV. PRO. 12(f).

Therefore, the court **STRIKES** the following portions of plaintiff's "Brief in Support of Plaintiff's Motion for Summary Judgment" (DE # 51-2):

1. The second sentence of paragraph sixth-three (¶ 63), which is located on page 22 of the brief (p. 22);

2. The first two sentences of paragraph sixty-five (¶ 65), which are found on pages twenty-tree and twenty-four (p. 24-25); and

3. The final two sentences of paragraph sixty-nine (¶ 69), which are on page twenty-five (p. 25).

In conclusion, defendants' motion to strike (DE # 52) is **GRANTED**. Both parties, although this admonition especially applies to plaintiff, are advised to avoid making scurrilous and conclusory accusations in their forthcoming filings.

**SO ORDERED.**

**DATED:** September 16, 2008

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT